**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-7846**

BRYAN DALE OSBORNE,

Plaintiff - Appellant,

versus

K. COLEMAN, Corporal,

Defendant - Appellee,

and

COUNSELOR SYKES; FRANK ROACH, Housing Unit-8
Manager; R. PARKER, Sergeant, Internal
Affairs; CARABELLA-FERNANDEZ, Housing Unit-3
Manager; OTHERS UNKNOWN,

Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Raymond A. Jackson, District
Judge. (CA-00-801)

Submitted: March 11, 2004          Decided: March 18, 2004

Before WIDENER, WILKINSON, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bryan Dale Osborne, Appellant Pro Se. Richard Carson Vorhis, Pamela Anne Sargeant, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bryan Dale Osborne appeals the district court's order granting partial summary judgment to Defendants and the district court's subsequent order entering judgment for Defendants in accordance with the jury's verdict on his 42 U.S.C. § 1983 (2000) complaint. We review an order granting summary judgment de novo. See Moore Bros. Co. v. Brown & Root, Inc., 207 F.3d 717, 722 (4th Cir. 2000). Summary judgment is appropriate only if, after viewing the evidence in the light most favorable to the non-moving party, there are no material issues of fact in dispute and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 958 (4th Cir. 1996). In order to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact. See Greensboro Prof'l Fire Fighters Ass'n v. City of Greensboro, 64 F.3d 962, 967 (4th Cir. 1995). Our review of the record convinces us that the district court properly granted partial summary judgment. Accordingly, we affirm for the reasons stated by the district court. See Osborne v. Coleman, No. CA-00-801 (E.D. Va. Sept. 10, 2002).

Osborne asserts several claims of ineffective assistance of counsel at trial. As there is no constitutional right to counsel

for civil litigation, however, we do not consider these claims. Finally, the record indicates that the parties' versions of events were contradictory. We will not disturb the jury's credibility determination in favor of the Defendant, nor will we weigh the evidence anew. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED